## J. F. HUDSON v. THE STATE.

### No. 2044. Decided February 14, 1900.

**1. Evidence—Reputation—Impeachment.**

In a case where the reputation for chastity of a party has a direct bearing upon the probability of the facts stated by the witness, that reputation may be proved for the purpose of impeachment; but the mere fact that a party is in the habit of associating with lewd women, where he is charged with burglary, could not tend to impeach his veracity.

**2. Defendant—Impeachment of.**

When a defendant is being examined, he may be impeached by showing that he was charged with an offense showing legal or moral turpitude; the rule applying to any other witness in this regard being applicable to him.

**3. Same—Reputation—Veracity.**

A truthful man may, at times, associate with unchaste women, and the question of his chastity has no bearing on his veracity, where he has not placed this phase of his character in issue.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

The appellant was convicted of burglary, and his punishment assessed at four years confinement in the penitentiary.

No statement necessary.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at four years confinement in the penitentiary, and he appeals.

During the trial the State's counsel, cross-examined defendant while upon the witness stand, asked him "how long he was down in the south end, and defendant told him, 'Four or five days.' Counsel for State asked said defendant if while down there he did not meet lewd and unchaste women, and if he did not sleep with them while he was there, to which last question counsel for defendant objected for several reasons,—among others, that it was illegal, attacking the conduct and character of defendant, and had a tendency to disgrace him in the eyes of the jury, etc. The court overruled the objections, and required defendant to answer, which he did in the affirmative." Appellant's counsel thereafter moved the court to exclude the testimony. This was also overruled. As a general rule, particular traits of character, aside from that of habitual lying, etc., shall not be made the subject of inquiry for the purpose of impeachment. In a case where reputation for chastity has a direct bearing upon the probability of the facts stated by the witness, it may be proved for the purpose of impeachment. Thus, in prosecutions for rape, or assault with intent to commit that offense, defendant may prove the unchaste character of the

prosecutrix, as tending to show the improbability of her story. Thus, it would seem, a witness can not be impeached by evidence that he is in the habit of associating with lewd and unchaste women. 29 Am. and Eng. Enc. of Law, p. 805, and note 3; Cline v. State, 51 Ark., 140, 10 S. W. Rep., 225. It was held in Holsey v. State, 24 Texas Criminal Appeals, 35, that the character of defendant's associates could not be made the subject of inquiry. Appellant was here charged with burglary, and the fact that he may have slept with lewd women could not tend to impeach his veracity. As I understand the rule, as far as we have gone in this respect is to hold that, where defendant is being examined, he may be impeached by showing that he was charged with an offense showing legal or moral turpitude; and the same rule, as a general proposition, would apply to defendant as any other witness sought to be impeached. A man may be truthful, and yet associate at times with unchaste women. This question of chastity had no bearing upon appellant's veracity. He had not placed this phase of his character in issue, and the State had no authority to do so. There are other questions suggested for our consideration, but, as we view them, they are without merit. For the error discussed, the judgment is reversed and the cause remanded.